**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LESLIE CHARLES COHEN,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. CV-08-1888-PHX-JAT<br>CR-03-342-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Motion to Vacate/Set Aside/Correct Sentence (Doc. #1) as amended (Doc. #6). (References to documents from Petitioner's civil habeas petition CV-08-01888 are referenced as (Doc. #__), documents from the original criminal case CR-03-00342 are referenced as (Cr. Doc. #__)). Petitioner is seeking habeas relief on a federal conviction pursuant to 28 U.S.C. § 2255 (2006).

This case was assigned to a magistrate judge, who issued a report and recommendation ("R&R") (Doc. #16). The R&R considered Petitioner's amended motion, the government's response (Doc. #14) and Petitioner's reply (Doc #15). The R&R concluded that the habeas petition should be denied. Petitioner has filed objections to the R&R (Doc. #19). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If objections are made, a district judge must review the findings of the magistrate judge *de novo*. *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*). The district judge is only

obligated to review *de novo* the factual and legal conclusions that are subject to objection; no review is necessary if an objection is not raised. *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003). As objections have been filed, this Court now reviews the Petition and R&R *de novo.*

Petitioner raises nine claims in his habeas petition. The first claim alleges ineffective assistance of counsel. Claims two through nine are arguments that Petitioner insists counsel should have raised on appeal. For the following reasons, the Court affirms and adopts the R&R and overrules the Petitioner's objections.

**I.  Ineffective Assistance of Counsel:**

Petitioner first claims that appellate counsel was ineffective. Petitioner, in his objection to the R&R, points to several perceived deficiencies in counsel: 1) the misspelling of counsel's name in moving documents; 2) the misrepresentation of contract counsel as a member of counsel's firm; 3) counsel's misinterpretation of a Ninth Circuit "rebuke;" 4) the failure of counsel to attach documents from Petitioner's second trial to substantiate food and sleep deprivation; and 5) handwriting and signature inconsistencies on court documents. Petitioner also argues that counsel was ineffective for failing to raise claims two through nine; those claims will be discussed later. Assuming, for sake of argument, that all of Petitioner's allegations are correct, they do not equate to ineffective assistance of counsel.

To demonstrate ineffective assistance of counsel a Petitioner must demonstrate both a deficient performance by counsel, and that the deficient performance created prejudice. *Robinson v. Schriro*, ___ F.3d ____, 2010 WL 597358, 15 (9th Cir. 2010). "To establish deficient performance, a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).

A petitioner must also demonstrate prejudice. Prejudice is a strict standard and requires a petitioner to demonstrate that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. Prejudice may stem from either individual errors, or from the cumulative impact of multiple errors. *Harris*

*ex rel. Ramseyer v. Wood*, 64 F.3d 1432, 1438 (9th Cir. 1995). To show prejudice a petitioner must demonstrate that the impact of errors either individually or cumulatively would have materially changed the outcome of the proceedings. *Porter v. McCollum*, 130 S.Ct. 447, 453 (2009).

### A. Prejudice:

As a threshold matter, Petitioner fails to demonstrate any prejudice within the meaning of *Strickland* and its progeny. Petitioner alleges two examples of prejudice in his objection: (1) that discrepancies among signatures prevented him from knowing which counsel filed pleadings. Objection at 5. And (2) that the issue of food and sleep deprivation was not raised effectively on appeal. Objection at 4. Petitioner fails to demonstrate that either would have affected the outcome of his appeal. The discrepancies among signatures would have no impact on the merits of the proceedings. Also, presenting additional information on food and sleep deprivation would not have been outcome determinative. The Court of Appeals in considering Petitioner's appeal determined that the objective indicia of Petitioner's "large number of fillings . . . demonstrat[ed] that he was sufficiently prepared for trial. *U.S. v. Cohen*, 220 Fed. Appx. 574, 575 (9th Cir. 2007) (mem.).

### B. Deficient Performance:

Petitioner also cannot demonstrate a deficient performance. To show a deficient performance Petitioner must identify "material, specific errors and omissions that fall outside the wide range of professional competent assistance." *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991) Petitioner first points to a misspelling in counsel's moving papers. However, a simple typographical error that does not create confusion does not lay the groundwork for a deficient performance. Similarly, a discrepancy in the signatures on moving papers does not constitute a material error or omission.

The use of contract counsel was raised in Petitioner's original motion as an example of deficient performance, and the magistrate judge considered this claim in the R&R. R&R at 8. In his objection, Petitioner now argues that the misrepresentation of counsel violated Arizona Rule of Professional Conduct 8.4(c) Objection at 2; Rule 8.4(c) (2009) (regulating

attorney misconduct involving "dishonesty, fraud, deceit, or misrepresentation"). Contrary to Petitioner's arguments, a violation of the rules of professional conduct does not create a per se presumption of ineffective assistance. *U.S. v. Nickerson*, 556 F.3d 1014, 1018 (9th Cir. 2009). Rather, violations of the rules of professional conduct can rise to ineffective assistance if there is a displacement of the adversarial process. *Burger v. Kemp*, 483 U.S. 776, 799 n.4 (1987). Significantly, Petitioner does not factually substantiate either his allegations of attorney misconduct or misrepresentation. Petitioner also fails to establish that this alleged misconduct in any way displaced the adversarial process. This Court concludes that there was neither inappropriate use of contract counsel, nor a displacement of the adversarial process.

Petitioner next claims that counsel failed to recognize the Court of Appeal's "rebuke." To support this argument Petitioner points to a portion of the Ninth Circuit's memorandum decision in his appeal. *U.S. v. Cohen*, 220 Fed. Appx. 574 (9th Cir. 2007) (mem.).[1] Contrary to Petitioner's argument, there is nothing in the decision that suggests the Ninth Circuit had determined that counsel's representation had fallen below professional norms. Even if such a rebuke was intended, counsel's failure to recognize the statement *after* the conclusion of the appeal does nothing to prove that counsel's performance was deficient *during* the appeal. As the appointment of counsel is required only when substantial rights may be affected, there can be no showing of ineffective assistance for attorney conduct occurring after Petitioner's appeal had been decided. *See Mempa v. Rhay*, 389 U.S. 128, 134 (1967). *See also Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) ("to determine whether counsel performed below the

---

[1] Petitioner points to the following language: "We conclude that the appellant's Sixth Amendment right to self-representation was not violated. By citing only to his complaints about food and sleep during the January, 2004, mistrial, appellant fails to establish that he lacked adequate food and sleep during his March, 2004 trial." *Cohen,* 220 Fed. Appx. at 575. The paragraph concludes: "Moreover, the large number of filings that appellant submitted to the court before and during his March trial demonstrate that he was sufficiently prepared for trial, and the district court's decision to deny him 'extra library time' during his trial was not a Sixth Amendment violation, under *Sarno*, 73 F.3d at 1491 (recognizing limited prison library hours as a reasonable institutional resource constraint and not contrary to the Sixth Amendment)." *Id.* at 575-76.

level expected from a reasonably competent attorney, it is necessary to 'judge . . . counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" (quoting *Strickland*, 466 U.S. at 690)).

Petitioner's next argument centers on appellate counsel's failure to attach additional documentation substantiating a lack of food and sleep. Objection at 4. As noted by the R&R, counsel does not have to obtain authorization from a criminal defendant for most tactical decisions. *Florida v. Nixon*, 543 U.S. 175, 187 (2004) (restricting decisions in which a defendant *must* participate to the exercise or waiver of basic trial or appellate rights). The decision of which documents to attach to the appeal are tactical decisions left to the discretion of counsel. Petitioner's disagreement with counsel's tactical choices do not establish a deficient performance. *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980).

## II.     Claims Two through Nine:

As a preliminary matter, the Court agrees with the recommendation of the R&R that claims two through nine could have been raised with the Court of Appeals during Petitioner's direct appeal and have been procedurally defaulted. A procedurally defaulted claim typically cannot be raised in a § 2255 petition. *Bousley v. United States*, 523 U.S. 614, 621(1998). To excuse a procedural default a petitioner must demonstrate either cause and prejudice, or actual innocence. *U.S. v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). If a petitioner cannot meet the cause and prejudice standard, the Court still may hear the merits of procedurally defaulted claims if the failure to hear the claims would constitute a "fundamental miscarriage of justice." *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992).

Petitioner does not argue actual innocence, therefore he would need to demonstrate cause and prejudice to excuse his procedural default. *Id.* For cause, Petitioner would need to demonstrate that some factor external to his defense prevented him from complying with the procedural bar. *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004); *see also Kennedy v. Lockyer*, 379 F.3d 1041,1055 n. 15 (9th Cir. 2004) (reaching the merits of certain claims when the failure to raise a particular argument was the fault of appointed counsel). Petitioner

claims that his arguments were not raised on appeal due to the decision of his appellate counsel. "So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Further, there is no attorney error in refusing to raise issues on appeal that have little or no chance of success. *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996)..

Petitioner argues that he would have raised issues two through nine on appeal had he been able to proceed pro se. (Doc. #6, 5-6). Although Petitioner proceeded pro se during his first and second trial he was appointed counsel on appeal. (Cr. Doc. #438). The undersigned is unable to locate precedent that cause can be established by the appointment of counsel over objection. However, even if Petitioner were able to establish that the appointment of counsel, over objection, constitutes cause, he is unable to demonstrate prejudice because the remaining claims are meritless.

This Court adopts the R&R for all claims not subject to objection; specifically claims three, six, and nine. Petitioner raises objections only to claims four, five, two, seven and eight. The Court addresses the claims in the order presented in the Petitioner's objections and for the following reasons overrules these additional objections.

**A. Claim Four:**

In his objection, Petitioner first argues that neither the response nor the R&R addresses claim four; that in the federal criminal code, the term "person" and "whoever" are limited by 5 U.S.C. section 552a(a)(2) to "citizens and aliens lawfully admitted for permanent residency." Objection at 6. Petitioner argues that because he is an illegal alien these portions of the criminal code do not apply to him. Petitioner is mistaken both in regard to the R&R and to the merits. The R&R address this claim on pages ten and eleven, concluding that the definition relied upon by Petitioner is taken from the administrative code and has a use restricted only to that title. R&R at 10. The Court agrees with the R&R that this argument is without merit, adopts the R&R, and overrules Petitioner's objection.

### B. Claim Five:

Petitioner next argues that the Court's sentencing decision was an abuse of discretion. The Court first adopts the undisputed portions of the R&R, specifically this Court agrees with the R&R that Petitioner was given a legal sentence within the ranges given in the Federal Sentencing Guidelines. R&R 11-13. Petitioner's primary argument in his objection is that the Court did not issue a statement of reasons supporting Petitioner's sentence. Objection at 6.

A court is not required to give a separate sentencing memorandum, a statement in open court available in transcript or public record is sufficient. 18 U.S.C. § 3553(c). Although required, the statement does "not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 357 (2007). The Court recalls that such reasons were given and preserved in the record. (Tr. 2/22/05 36:7-38:25, 41:17-43:24) Petitioner's objection is overruled and this section of the R&R is adopted.

### C. Jurisdiction Claims:

Claims two and seven deal with jurisdictional considerations. Petitioner in his original motion alleges that this Court lacked subject matter jurisdiction due to pending interlocutory appeals. The R&R relying on *U.S. v. Cotton*, 535 U.S. 625 (2002) and *U.S. v. Rattigan*, 351 F.3d 957 (9th Cir. 2003), concluded that Petitioner's jurisdictional arguments were not subject to procedural default. R&R at 4. Petitioner misconstrues this conclusion, and in his objection argues that *Cotton* should not apply. Objection at 8. This Court agrees with the conclusion of the R&R and determines that the portions of claim two (dealing with jurisdiction) and claim seven have not been procedurally defaulted. However, for the reasons discussed below, they are without merit.

### D. Claim Two:

Petitioner argues that this Court's Preliminary Order of Forfeiture (Cr. Doc. #400) is invalid because it was not included in the final Judgement (Cr. Doc. #399) as required by Federal Rule of Criminal Procedure 32.2(b)(3) (2009). Petitioner also argues that the Court lacked jurisdiction to issue a subsequent Final Order of Forfeiture, (Cr. Doc. #408) pending

1 the outcome of his interlocutory appeal (Cr. Doc. #402). The R&R discusses this argument
2 on pages thirty-one to thirty-three. The Court agrees with the conclusion of the R&R that the
3 pending interlocutory appeal did not deprive this Court of jurisdiction to enter the order.

4     With regard to the order being finalized at sentencing, in 2009, the Federal Rules
5 were amended to provide additional clarity. The requirements for what a judge must say at
6 sentencing are now governed by Rule 32.2(b)(4)(B) ("The court must include the forfeiture
7 when orally announcing the sentence or must otherwise ensure that the defendant knows of
8 the forfeiture at sentencing. The court must also include the forfeiture order, directly or by
9 reference, in the judgment, but the court's failure to do so may be corrected at any time under
10 Rule 36."). The notes to the amendment explain that the purpose behind the amendment and
11 the inclusion of subparagraph (B) was to provide additional clarity and to resolve
12 "conflicting decisions in the courts regarding the application of Rule 36 to correct clerical
13 errors." FED. R. CRIM. P. 32.2(b)(4)(B) advisory committee's note. A subsequent amendment
14 seeking to resolve conflicting decisions between the Courts indicates that Congress is
15 clarifying not changing the law; under these circumstance there is no retroactivity problem
16 with adopting the current interpretation. *ABKCO Music, Inc. v. LaVere*, 217 F.3d 684, 691
17 (9th Cir. 2000).

18 There is no conflict between the actions of this Court and the current rule. Petitioner
19 was informed of the forfeiture at the time of sentencing (Tr. 2/22/05 37:10-17; Cr. Doc.
20 #398). The Court was authorized to issue its subsequent amendment under Rule 36.
21 Therefore this portion of Petitioner's argument is without merit.

22 **E.    Claim Seven:**

23 Claim seven contends that this Court lacked jurisdiction to conduct Petitioner's second
24 trial pending the outcome of an appeal to the Ninth Circuit regarding grand jury documents.
25 The R&R concludes that this issue was settled on direct appeal when the Ninth Circuit
26 denied Petitioner's motion to stay proceedings. R&R at 33-34. In his objections, Petitioner
27 argues that this was an interlocutory appeal that does not represent a final decision on the
28 merits. Objections at 8.

A final decision by a higher level appellate court that has been litigated by a petitioner becomes the law of the case. *U.S. v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). Once litigated the issue is no longer available to a petitioner in a subsequent § 2255 petition. *Id.* This Court concludes that Petitioner had the opportunity to litigate this claim on direct appeal and that the decision of the Ninth Circuit represents a final decision. This Court therefore agrees with the R&R that this claim would have been without merit if raised on appeal. The objection is overruled.

### F. Claim Eight:

Petitioner has several components for his eighth claim. Petitioner first argues that crimes of attempt and crimes with completed actions are separate offenses with distinct *mens rea* components; Petitioner concludes that by failing to separate the crimes, the government's indictment was duplicitous. Petitioner argues, relying on *U.S. v. Ramirez-Martinez* and *U.S. v. Gracidas-Ulibarry*, that inchoate crimes require an elevated showing of specific intent, while committed offenses are held to the lower standard of general intent. 273 F.3d 903, 913-15 (9th Cir. 2000) (overruled on other grounds); 231 F.3d 1188, 1192 (9th Cir. 2000). Petitioner's reliance on these illegal-entry cases is misplaced. Both *Ramirez-Martinez* and *Gracidas-Ulibarry*, acknowledge that inchoate illegal re-entry and transportation crimes require an elevated *mens rea* in order to shield innocent offenders from criminal prosecution. *Gracidas-Ulibarry*, 231 F.3d at 1194; *see also Ramierez-Martinez*, 273 F.3d at 914. Requiring a unanimity instruction, or for the government to elect between charges is required to aid the jury in distinguishing between the differing *mens rea*. *Ramierez-Martinez*, 273 F.3d at 915.

In Petitioner's case the *mens rea* distinction between inchoate and completed crimes is inapplicable. While duplicity can be an appealable ground, there is no showing of duplicity in the current case. Here, the crimes Petitioner was convicted of required a showing of *specific* intent. Petitioner was convicted under 18 U.S.C. § 1344 which required the specific intent of a defendant to either: (1) knowingly or attempt to defraud a financial institution or (2) knowingly or attempt to obtain money by false or fraudulent representations. *See U.S. v.*

*McNeil*, 320 F.3d 1034, 1039-40 (9th. Cir 2003) (concluding § 1344(2) requires a showing of specific intent); *U.S. v. Moede*, 48 F.3d 238, 241 (7th Cir. 1995) (determining that for § 1344(1) an "intent to defraud [is defined] as acting willfully and with specific intent to deceive or cheat, usually for the purpose of getting financial gain"). Similarly for purposes of 18 U.S.C. § 1028 "[an] act is done 'knowingly' if it is done voluntarily and intentionally rather than by mistake, accident or other innocent reason." *U.S. v. Smith*, 685 F.Supp 1523, 1530 (D. Or. 1988) *rev'd in part on other grounds* 876 F.2d 898.

In addition, as noted in the R&R, both § 1344 and § 1028 criminalize attempt as a *means* of committing the offense. R&R at 29. "When a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any of those acts conjunctively charged may establish guilt." *U.S. v. Urrutia*, 897 F.2d 430, 432 (9th Cir. 1990). Requiring jury instructions to include both ways in which the offense could be committed was appropriate and therefore Petitioner's argument is without merit.

Petitioner next argues in his objection that the Court erred in not giving a unanimity instruction to the jury or requiring the government to choose between Bank Fraud and Aiding and Abetting. This argument is without merit. Aiding and abetting is a separate theory of liability and not a separate offense; therefore no unanimity instruction or election of offense is required. *See U.S. v. Garcia*, 400 F.3d 816 (9th Cir. 2005); *see also Schad v. Arizona*, 501 U.S. 624, 631 (1991) (holding an indictment need not specify which act, among several named, was the means by which a crime was committed).

Petitioner next argues that the bank account numbers referenced at trial differed in location from those presented in the Superseeding Indictment. Objection at 11. The Court agrees with the R&R's conclusion that construed most favorably to the Petitioner this argument represents a variance of proof. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); R&R at 25-26. The R&R concludes that the deviations are not material and that the discrepancies did not prohibit Petitioner from a defense on the merits at trial. R&R at 26. In his objection, Petitioner again argues that factual discrepancies exist; at no point, however,

does he describe how the distinctions are material or prevented him from a defense on the merits. Accordingly, this Court concludes that the R&R's conclusions were correct and that Petitioner was not deprived of a defense on the merits at trial. Accordingly Petitioner's objections are overruled.

Finally, Petitioner argues that no evidence was presented at trial that Wells Fargo Bank Arizona was insured by the FDIC. Objection at 11. Petitioner argues that absent this proof, this Court did not possess jurisdiction. As jurisdictional claims are not subject to procedural default, the Court will address the merits of this argument. *U.S. v. Cotton,* 535 U.S. 625, 630 (2002).

Broadly, United States district courts have subject-matter jurisdiction over all crimes against the laws of the United States. 18 U.S.C. § 3231. Significantly, the legislative history of § 1344 indicates that Congress intended for the federal courts to have jurisdiction over bank fraud cases. *U.S. v. Wolfswinkel*, 44 F.3d 782, 785 (9th Cir. 1995). The charges in the Superseding Indictment (Doc. #39) place this case squarely within the jurisdiction contemplated by Congress. Even accepting Petitioner's argument, that an allegation of FDIC insurance was required for jurisdiction, does not yield the result Petitioner desires. As noted in the R&R, the Superseding Indictment (Doc. #39) specifically alleged that Wells Fargo Arizona was FDIC insured. R&R at 24. The allegations of the Superseding Indictment were sufficient to confer this Court jurisdiction, and the Court would not be deprived of subject matter jurisdiction to hear the trial even if the evidence presented at trial was insufficient. *Ratigan*, 351 F.3d at 964. Moreover, the Court also agrees with the R&R that the information presented at trial was sufficient to demonstrate evidence of FDIC insurance. R&R at 24. Petitioner's argument is again without merit and the Court overrules this final objection.

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendations (Doc. #16) is accepted and adopted, Petitioner's objections (Doc. #19) are overruled and the Motion (Doc. #6, CR Doc. #470) is denied; and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Petitioner's "motion for status" (Doc. #21) is denied as moot.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, in the event Petitioner files an appeal, the Court grants in part and denies in part the certificate of appealability. As to claim one, the Court finds that Petitioner has stated a claim of constitutional magnitude as to the theories of ineffective assistance of appellate counsel and the Court grants the certificate of appealability as to that claim. As to claims two through nine, the Court finds Petitioner has not stated a claim of constitutional magnitude and denies the certificate of appealability. Also with regard to Claims two through nine, the Court finds that these claims are precluded by a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 24th day of March, 2010.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge