**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie Charles Cohen, | ) No. CV-08-1888-PHX-JAT |
| Plaintiff, | ) CR-03-0342-PHX-JAT |
| | ) |
| | ) **ORDER** |
| vs. | ) |
| | ) |
| | ) |
| United States of America, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

Pending before the Court is Movant's Motion for Relief (Doc. #24) from this Court's March 24, 2010 Order (Doc. #22). For the following reasons, the motion is denied.

Movant seeks relief under Federal Rule 60(b)(6). FED. R. CIV. P. 60(b)(6) ("any other reason that justifies relief"). Relief under 60(b)(6) is only to be granted in extraordinary circumstances such as extreme hardship or injustice. *McKinney v. Boyle*, 404 F.2d 632, 634 (9th Cir. 1968) (holding that collusion and fraud on the part of accused's wife and counsel that deprived him of a fair trail constituted extraordinary circumstances). To stress, it is a relief used "sparingly and as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir*, 984 F.2d 1047, 1049 (9th Cir. 1993). As a threshold matter, Movant does not argue any extreme hardship or injustice that would warrant consideration. Accordingly, his motion should be denied.

In addition, Movant's motion for relief is improper. Petitioners are confined to a single habeas petition unless they receive certification from a court of appeals. 28 U.S.C. 2255(h) (2006). Rule 60(b) motions are construed as a subsequent habeas petition if the motion seeks to add new claims, or attempt to relitigate claims adjudicated in the first habeas petition. *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005) (carving out a narrow exception to the general rule if there is a defect in the integrity of the habeas proceedings); *Thompson v. Calderon*, 151 F.3d 918, 921 (9th Cir. 1998). Movant did not receive certification to file a second habeas petition. Further, Movant does not suggest that there was a procedural defect in the previous habeas petition. Rather, the substance of the motion for relief seeks to raise additional claims, and to reargue points settled in this Court's previous order. The Court will not revisit its conclusions. Movant has filed a notice of appeal (Doc. #25) and his arguments are properly directed to the Ninth Circuit Court of Appeals.

Even if this Court were to reach Movant's substantive arguments, relief would not be warranted; the claims are meritless. Broadly, this Motion raises two types of arguments. Those related to his ineffective assistance claims, and those related to his substantive allegations. As this Court has previously ruled on the majority of Movant's arguments, the Court will only comment on those arguments raised for the first time in this Motion for Relief.

**Ineffective Assistance:**

Previously this Court had concluded that Movant's appointed counsel's use of contract counsel did not violate the rules regarding contract counsel. Doc. #22. Movant now appears to argue that contract counsel F. Bruemmer was "non-contract" and "forged" signatures in violation of Federal Rule of Appellate Procedure 32(d) (requiring the signature of either a filing party or one of the party's attorneys). First, A. Rosenquist, Movant's appointed counsel on appeal, acknowledges that Ms. Bruemmer was contract counsel. (Doc. #15, Exhibit 1). Similarly, Ms. Bruemmer acknowledged that she signs motions or briefs *with permission* when Mr. Rosenquist is unavailable. Doc. #15, Exhibit

2. Such a practice does not violate Rule 32(d). The advisory committee notes to the 2002 amendment explain that the inclusion of the signing requirement was to have a attorney readily identifiable if a frivolous or meritless motion was filed. FED R. APP. P. 32(d) advisory committee's notes (incorporating requirements similar to Federal Rule of Civil Procedure 11(b)). Here, had a frivolous motion been filed, a court could readily identify the drafter. As contract counsel acted appropriately, and as Movant has not demonstrated prejudice within the meaning of *Strickland* and its progeny, Movant's argument is without merit.

**Substantive Claims:**

As noted in the previous order, Movant's claims were not raised on direct appeal and are subject to procedural default. Doc. #22. Movant argues that the R&R (Doc. #16) and this Court's previous order ignored Movant's claim that Titles 18 and 42 of the United States Code have not been enacted into positive law and therefore are not binding. Although the habeas petition mentions positive law (Doc. #7 p. 4-5), the allegation that the code is not binding is raised for the first time in the Motion for Relief. Moreover, the claim is without merit.

First, Title 18 has been enacted into positive law. *See Crimes and Criminal Procedure Act,* June 25, 1948 C 645 § 1, 62 Stat. 683. Second, portions of the code not accepted into positive law are prima facia evidence of the laws of the United States. 1 U.S.C. § 204 (2006). The distinction between positive law and the remainder of the code is evidentiary in nature; all enacted portions of the code, including those not in positive law, are valid and enforceable. *Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985). Movant does not offer evidence or argument suggesting that the laws are incorrect, unconstitutional, or in some way do not reflect the actual laws of the United States, therefore, this argument is without merit.

Finally, Movant now argues that the Court misconstrued his argument regarding FDIC insurance. Movant explains that his argument was not that information presented at trial was insufficient to establish that Wells Fargo Bank of Arizona was FDIC insured,

rather, it is that Wells Fargo Bank of Arizona did not exist at the time of the superceding indictment.

It is unclear from the Motion for Relief under Rule 60(b)(6) if Movant is arguing that Wells Fargo's nonexistence means there was insufficient evidence to convict him, or that somehow he is actually innocent. However, the Court concludes that under either the *Jackson* standard for insufficient evidence, or the *Carrier* standard for actual innocence, Movant has failed to establish doubt in his conviction. 443 U.S. 307 (1979); 477 U.S. 478 (1986). To establish a claim for actual innocence, a petitioner must demonstrate that a constitutional error has "probably" resulted in the conviction of an actually innocent defendant. *Schulp v. Deo*, 513 U.S. 298, 322 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."*Id.* at 324. Movant fails to establish either a constitutional error that prevented him from presenting evidence at trial, nor does he establish new, previously unavailable, evidence to suggest that Wells Fargo did not exist. Rather, Movant rests his allegation on his own unsupported testimony. The Court determines that these allegations do not constitute the credible evidence required to establish actual innocence.

Alternatively, under *Jackson*, the Court examines if there was sufficient evidence to uphold the conviction. *Id.* at 330. Even when presented with a record that supports more than one inference, a reviewing court should defer to a finding of guilty; deference must be given to the trier of fact that any inconsistencies were resolved in favor of the prosecution. *U.S. v. Johnson*, 229 F.3d 891, 894 (2000). The Court has already accepted the conclusion of the R&R that sufficient evidence existed to sustain Movant's conviction. (Doc. #16 at 26) Accordingly, Movant's argument that insufficient evidence existed to support his conviction is without merit.

Accordingly,

**IT IS ORDERED** that Movant's Motion for Relief (Doc. #24) is DENIED.

DATED this 13th day of May, 2010.

James A. Teilborg
United States District Judge